1   MELINDA HAAG  (CABN 132612)
    United States Attorney
2   THOMAS MOORE
    Assistant United States Attorney
3   Chief, Tax Division
    CYNTHIA STIER (DCBN 423256)
4   Assistant United States Attorney
        11th Floor Federal Building
5       450 Golden Gate Avenue, Box 36055
        San Francisco, California  94102
6       Telephone: (415) 436-7000

**FILED**

2012 MAY 17 P 1: 27

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**E-filing**

7   Attorneys for United States of America

8           **IN THE UNITED STATES DISTRICT COURT FOR THE**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN JOSE DIVISION**

11  UNITED STATES OF AMERICA,                )    **CV 12 2545**
                                             )    No.
12              **Plaintiff,**               )
                                             )
13      **v.**                               )
                                             )    **COMPLAINT FOR PERMANENT**
14  NICHOLAS A. MUNOZ, Jr., individually and )    **INJUNCTION**
    d/b/a Professional Tax Services, LLC, and its )
15  successor, First Tax Firm, Inc.,         )
                                             )
16              **Defendants.**              )
                                             )
17  ──────────────────────────────────

18          Plaintiff, United States of America, for its complaint against Nicholas A. Munoz,

19  individually and d/b/a Professional Tax Services, LLC, and its successor, First Tax Firm, Inc.

20  (collectively referred to as "PTS" hereafter) as follows:

                        **JURISDICTION AND VENUE**

21
22  1.      This suit is brought under 26 U.S.C. §§ 7402, 7407, and 7408 to enjoin Nicholas A.

23          Munoz, individually and d/b/a PTS and anyone in active concert or participation with

24          him, from:

25          (a)     Acting as a federal tax return preparer or otherwise directly or indirectly preparing

26                  or filing, or assisting in the preparation or filing of any federal tax return for any

27                  other person or entity;

28          (b)     Engaging in any activity subject to penalty under 26 U.S.C. §§ 6694, 6695, and/or

                    6701;

            (c)     Engaging in conduct that substantially interferes with the proper administration

1    and enforcement of the internal revenue laws;

2    (d)    Engaging in any other activity subject to penalty under the Internal Revenue

3           Code; and

4    (e)    Representing persons or entities before the Internal Revenue Service.

5  2.   This action has been requested by Chief Counsel at the IRS, a delegate of the Secretary of

6       the Treasury, and commenced at the direction of a delegate of the Attorney General of the

7       United States, pursuant to 26 U.S.C. §§ 7402, 7407, and 7408.

8  3.   Jurisdiction over this action is conferred upon this Court by Title 28, United States Code,

9       Sections 1340 and 1345, and under I.R.C. Sections 7402(a), 7407 and 7408.

10  4.   Venue is proper in the Northern District of California because Defendant resides in San

11      Jose, California, within this district.  Also, Defendant operated PTS within this judicial

12      district.

13  **Tax Preparation at PTS**

14  5.   Nicholas Munoz is an unenrolled return preparer.

15  6.   Nicholas Munoz has been preparing tax returns since 1997.

16  7.   In 1996, the IRS assessed 21 (twenty-one) tax return preparer penalties against Nicholas

17      Munoz pursuant to 26 U.S.C. § 6694(a) for understating the federal income tax liability

18      of his customers.

19  8.   Nicholas Munoz owns and operates PTS . Nicholas Munoz established PTS located in

20      San Jose, California,  on or about December 7, 2005.

21  9.   There are approximately five employees preparing tax returns for customers at PTS.

22  10.  Nicholas Munoz or one of his employees prepare all tax returns at PTS.   PTS prepares

23      tax returns for customers on a first-come-first-served basis.  The tax return preparation

24      usually takes between twenty to thirty minutes to complete. The PTS preparer fills out the

25      tax return and then obtains the signature of Nicolas Munoz as preparer on the tax return

26      before it is filed with the IRS.

27  11.  Nicholas Munoz reviews and approves all tax returns prepared by PTS.  Nicholas Munoz

28      signs all tax returns prepared at PTS as the tax return preparer.

12. PTS employees continued to prepare tax returns for the 2010 tax year during 2011. Based upon information and belief, PTS continues to prepare tax returns for the 2011 tax year in 2012.

## Overview of the Scheme

13. Nicholas Munoz continually and repeatedly prepared, or causes to be prepared, fraudulent federal income tax returns for individual taxpayers through his business, PTS. This fraud includes:

- claiming fabricated or overstated business expenses or other expenses in order to take improper itemized tax deductions and improperly maximize the EITC or improperly reduce taxable income thereby increasing the amount of refund claimed;

- claiming the incorrect number of dependents for a taxpayer in order to improperly maximize the EITC.

- providing fake substantiation documents to clients for presentation to the IRS at audits in order to substantiate false employee business expenses;

14. As a direct result of Nicholas Munoz's fraudulent and improper tax return preparation services, PTS customers have filed federal income tax returns understating their federal income tax liabilities and claiming large income tax refunds to which they were not entitled.

15. For the 2009 tax year, PTS filed or caused to be filed 9999 federal income tax returns. With respect to those 9999 federal income tax returns, 94% resulted in tax refunds.

16. For the 2009 tax year, 400 of the tax returns prepared by PTS were reviewed by the IRS at audits as of May 2011. Of those 400 tax audits, the IRS has reviewed 149 as grounds for this request for injunctive relief. Of those 149 tax returns audited, approximately 81% claimed tax refunds. Of those 149 tax returns audited, approximately 77 tax returns reported inflated employee business expenses, approximately 47 tax returns improperly claimed the EITC and 73 of those tax returns claimed dependents to which the taxpayer was not entitled.

**Examples of False Returns Prepared by PTS**

17. PTS prepared a 2009 Form 1040 for Lemus. Lemus's 2009 Form 1040 reported total income of $27,034, an unreimbursed employee business expense of $16,496, and claimed a tax refund of $2,040. The PTS employee willfully, knowingly and improperly reported $16,496 in unreimbursed employee business expense for a vehicle expense. Lemus did not inform the PTS employee that he had an unreimbursed vehicle expense of $16,496, nor did he provide documentation to substantiate the vehicle expense.

18. Due mainly to the IRS audit disallowance of the unreimbursed employee expense, Lemus is indebted to the United States of America in the amount of $1,571, plus interest, for the 2009 tax year. Lemus consented to the IRS audit adjustments.

19. PTS prepared a 2009 Form 1040 for Lopez. Lopez's 2009 Form 1040 reported total income of $73,811, an unreimbursed employee business expenses of $21,388, and claimed a tax refund of $4,218. The PTS employee willfully, knowingly and improperly reported $21,388 for unreimbursed employee business expense for a vehicle and claimed as dependents parents of Lopez who reside in Mexico during the 2009 tax year.

20. Lopez did not inform the PTS employee that he had unreimbursed business expense of $21,388 for a vehicle, nor did he provide documentation to substantiate the vehicle expense. Munoz as the return preparer improperly claimed Lopez's parents as dependents on his 2009 Form 1040.

21. Due mainly to the IRS audit disallowance of the vehicle expense and two dependents, Lopez is indebted to the United States of America in the amount of $2,170 in tax, plus penalty and interest, for the 2009 tax year. Lopez consented to the IRS audit adjustments.

22. PTS prepared a 2009 Form 1040 which reported total income of $58,865, an unreimbursed employee business expense of $13,749, and claimed a tax refund of $259. The PTS employee willfully, knowingly and improperly reported $13,749 for vehicle expenses and claimed as dependents two nephews living in Mexico, for the 2009 tax year. Pineda did not inform the PTS preparer that he had an unreimbursed employee expenses of $13,749 for a vehicle, nor did he provide documentation to substantiate a vehicle

1    expense in that amount.

2    23.    Due mainly to the IRS audit disallowance of the vehicle expense and two dependents,

3           Pineda is indebted to the United States of America in the amount of $5,745 in tax, plus

4           penalty and interest, for the 2009 tax year.  Pineda consented to the IRS audit

5           adjustments.

6    24.    PTS prepared a 2009 Form 1040 for Jiminez which reported total income of $37,478, an

7           unreimbursed employee business expense of $16,496, and reported a tax liability of $47.

8           The PTS employee willfully, knowingly and improperly reported $16,496 for

9           unreimbursed employee expenses for a vehicle and improperly claimed as dependents,

10          two parents living in Mexico, for the 2009 tax year.

11   25.    Jiminez did not inform PTS that he had an unreimbursed employee business expense of

12          $16,496 for a vehicle.

13   26.    Due mainly to the IRS audit disallowance of the vehicle expense and two dependents,

14          Jiminez is indebted to the United States of America in the amount of $3,401 in tax, plus

15          interest, for the 2009 tax year.

16   27.    PTS prepared a 2009 Form 1040 for Rios, which reported total income of $59,893, an

17          unreimbursed employee business expense of $21,544, and claimed a tax refund of $7,084.

18          PTS willfully, knowingly and improperly reported $21,544 in employee business

19          expenses for union dues and vehicle expenses, and improperly claimed a dependent,

20          Rios's mother living in Mexico, for the 2009 tax year.

21   28.    Rios did not inform the PTS preparer that he had a vehicle expense in the amount

22          reported.  Rios informed the PTS tax return preparer that he paid union dues of $52 every

23          three months and provided his union number and union card to the preparer.  Despite his

24          statement, PTS improperly inflated the union expenses.

25   29.    Due to the audit disallowance of the aforementioned items, Rios is indebted to the United

26          States of America in the amount of $2,206 in tax, plus interest, for the 2009 tax year.

27          Rios consented to the IRS audit adjustments.

28   30.    PTS prepared a 2009 Form 1040 for Alvarenga, which reported Schedule C expenses of

1  $19,245 for car and truck; $13,310 for contract labor; and $1,200 for insurance.   The

2  Form 1040 reported tax due of $595.  PTS willfully, knowingly and improperly reported

3  overstated Schedule C expenses of $19,245 for car and truck; $13,310 for contract labor;

4  and improperly reported $1,200 for insurance.

5  31.  Alvarenga did not inform the PTS preparer, or provide documentation that he had

6  Schedule C expenses for car and truck and contract labor expense in the amounts

7  reported.

8  32.  Due to the audit adjustments to the inflated expenses for car and truck and contract labor

9  and the disallowance of the insurance expense, Alvarenga is indebted to the United States

10  of America in the amount of $3,111 in tax, plus interest, for the 2009 tax year.

11  Alvarenga consented to the IRS audit adjustments.

12  33.  PTS prepared a 2009 Form 1040 for Hernandez, which reported total income of $48,708,

13  claimed six dependents, an unreimbursed employee business expense of $14,511, and

14  claimed a tax refund of $7,139.  PTS willfully, knowingly and improperly reported

15  $21,544 in employee business expenses for vehicle expenses, and improperly inflated the

16  number of dependents for the 2009 tax year.   Hernandez did not inform the PTS preparer

17  that he had a vehicle expense in the amount reported. Hernandez did not inform the PTS

18  preparer, or provide documentation, that he supported six defendants in 2009.

19  34.  Due to the audit disallowance of the aforementioned items, Hernandez is indebted to the

20  United States of America in the amount of $3,823 in tax, plus interest, for the 2009 tax

21  year.

22  35.  PTS prepared a 2009 Form 1040 for Magdaleno, which reported total income of $76,690,

23  an unreimbursed employee business expense for vehicle of $15,433, and claimed a tax

24  refund of $1,029.  PTS willfully, knowingly and improperly reported $15,433 in

25  unreimbursed employee expenses.  Magdaleno did not inform the PTS preparer, or

26  provide documentation that he had unreimbursed employee expenses in the amount

27  reported on the tax return.

28  36.  Due mainly to the IRS audit disallowance of the vehicle expense, Magdaleno is indebted

1    to the United States of America in the amount of $1,650 in tax, plus interest, for the 2009

2    tax year. Magdaleno consented to the IRS audit adjustments.

3  37.   PTS prepared a 2009 Form 1040 for Vargas, which total income of $67,249, an

4    unreimbursed employee business expense for vehicle of $12,470.  The PTS preparer

5    willfully, knowingly and improperly reported $12,470 in unreimbursed employee

6    expenses.  Vargas did not inform the PTS preparer, or provide documentation that he had

7    unreimbursed employee expenses in the amount reported on the tax return.

8  38.   In connection with the IRS audit of Vargas's 2009 Form 1040, Munoz provided Vargas to

9    give to the IRS a fake letter purportedly from Vargas's employer to substantiate the

10    unreimbursed business expenses claimed on Vargas's 2009 federal income tax return.

11    Neither Vargas nor his employer was involved in the creation of the fake letter provided

12    to the IRS to substantiate the unreimbursed business expenses.

13  39.   Due mainly to the IRS audit disallowance of the vehicle expense, Vargas is indebted to

14    the United States of America in the amount of $6,051 in tax, plus interest, for the 2009

15    tax year.  Vargas consented to the IRS audit adjustments.

16  40.   PTS prepared a 2009 Form 1040 for Chavez, which reported total income of $29,079 and

17    an unreimbursed employee business expense for vehicle of $18,543.  PTS willfully,

18    knowingly and improperly reported $18,543 in unreimbursed employee expenses.

19    Chavez did not inform the PTS preparer, or provide documentation that he had

20    unreimbursed employee expenses in the amount reported on the tax return.

21  41.   Due mainly to the IRS audit disallowance of the vehicle expense, Chavez is indebted to

22    the United States of America in the amount of $797 in tax, plus interest, for the 2009 tax

23    year. Chavez consented to the IRS audit adjustments.

24                              **IRS's Investigation**

25  42.   For the 2006, 2007, 2008 and 2009 tax years, PTS prepared at least 35,924 federal

26    income tax returns.

27  43.   Nicholas Munoz reviewed and signed the tax returns prepared and filed with the IRS for

28    the 2006, 2007, 2008 and 2009 tax years.

44.   From 2006 to 2009, the percentage of federal income tax returns prepared by PTS claiming refunds has risen from 92% to 94% and the percentage of federal income tax returns claiming the EITC has remained between 11% and 12%, as illustrated in the following table:.

| Year Return Processed by IRS | Returns Prepared | % of Returns Claiming a Refund | % of Returns Claiming the ETTC |
|---|---|---|---|
| 2006 | 7,871 | 92% | 12% |
| 2007 | 8,546 | 93% | 11% |
| 2008 | 9,508 | 93% | 11% |
| 2009 | 9,999 | 94% | 11% |
| Total | 35,924 | | |

45.   Of the 149 tax returns for 2009 audited, the taxpayers have consented to the audit adjustments in 42 cases; the taxpayers have not responded to the audit adjustments in 99 cases; and the IRS had determined that there are no audit adjustments in 7 cases.

46.   Tax return preparers at PTS willfully, intentionally, and/or recklessly understates their customers' income tax liabilities by preparing federal income tax returns that contain fabricated or inflated expenses and/or deductions, and/or create a false substantiation document to support fabricated or inflated business expenses.

47.   PTS has repeatedly and continually prepared federal income tax returns that understate their customers' tax liabilities as a result of reckless and/or intentional disregard of internal revenue rules and regulations.

### Count I:

### Injunction Under § 7407 and 7408

48.   The United States incorporates by reference the allegations in paragraphs 1 through 47.

49.   Section 7407, I.R.C., authorizes the United States to seek an injunction against any tax return preparer who has engaged in any "fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws," or who has "engaged in any conduct subject to penalty under section 6694 or 6695."

50. Additionally, I.R.C. § 7407 authorizes the Court to enjoin a person from further acting as a return preparer if the preparer has continually or repeatedly engaged in such conduct and an injunction prohibiting only the unlawful conduct would not be sufficient to prevent the preparer from further interfering with the proper administration of the internal revenue laws.

51. Section 7408, I.R.C., authorizes a district court to enjoin any person from further engaging in conduct subject to penalty under I.R.C. § 6700 or § 6701, if the injunctive relief is appropriate to prevent recurrence of that conduct.

52. Section 6694, I.R.C., provides that a tax return preparer is subject to penalty if he or she prepares a return or claim for refund understating the taxpayer's liability including a position for which there is no realistic possibility of the position being sustained on its merits, and the preparer knew or should have known of the position. A return preparer is subject to a larger penalty if the understatement of liability is due to the preparer's willful attempt to understate the liability or the reckless or intentional disregard of rules or regulations.

53. Section 6695(g), I.R.C., penalizes any tax return preparer who fails to comply with due diligence requirements with respect to determining a taxpayer's eligibility for, or the amount of, the EITC.

54. Section 6701, I.R.C., penalizes any person who prepares, or assists in the preparation of, any federal tax return, refund claim, or other document, knowing or having a reason to believe that it will be used in connection with any material matter arising under the internal revenue laws, and knowing that if so used it would result in an understatement of another person's tax liability.

55. Nicholas Munoz has continually and repeatedly prepared and submitted or caused to be prepared and submitted federal tax returns that unlawfully claim business deductions, contain unrealistic, unreasonable, and frivolous positions with no realistic possibility of being sustained on the merits. Nicholas Munoz has willfully attempted to understate customers' correct tax liabilities and/or allow them to falsely claim the EITC, and has thus

1    engaged in conduct subject to penalty under I.R.C. § 6694, 6695(g), and 6701.

2    56.   Nicholas Munoz has continually and/or repeatedly prepared or caused to be prepared tax

3    returns that understate the tax liabilities of his customers and/or fraudulently claim the

4    EITC or larger refunds than that which they are entitled, as a result of fabricated, inflated,

5    and/or improper deductions for business expenses or dependent exemptions.

6    57.   Injunctive relief is appropriate to prevent this misconduct because, absent an injunction,

7    Nicholas Munoz is likely to continue to prepare or cause to be prepared false federal

8    income tax returns and engage in other misconduct of the type described in this

9    complaint. Nicholas Munoz continued to engage in conduct subject to penalty under

10    I.R.C. § 6694 and continued to disregard internal revenue rules and regulations even after

11    he was assessed 21 preparer penalties for understating his clients' tax liabilities.

12    58.   Nicholas Munoz failed to exercise due diligence when he prepared or caused to be

13    prepared returns by failing to confirm that his customers are eligible for the itemized

14    deductions claimed, or the exemptions for dependents, and failed to confirm that his

15    customers are eligible for the EITC.

16    59.   Nicholas Munoz should be permanently enjoined under I.R.C. § 7407 from acting as a tax

17    return preparer because a more limited injunction would be insufficient to stop his

18    interference with the proper administration of the tax laws. He should also be enjoined

19    under I.R.C. § 7408 from further engaging in conduct subject to penalty under I.R.C. §

20    6701.

21                                    **Count II:**

22    **Injunction under I.R.C. § 7402 for Unlawful Interference**
      **with the Enforcement of the Internal Revenue Laws**

23

24    60.   The United States incorporates by reference paragraphs 1 through 59.

25    61.   Section 7402(a), I.R.C., authorizes the court to issue an injunction "as may be necessary

26    or appropriate for the enforcement of the internal revenue laws." The remedies available

27    to the United States under this statute "are in addition to and not exclusive of any and all

28    other remedies." I.R.C. § 7402(a).

      62.    Through the actions described above, Nicholas Munoz has engaged in conduct that

1   substantially interferes with the administration and enforcement of the internal revenue

2   laws, and he is likely to continue to engage in such conduct unless enjoined.

3   63.   Nicholas Munoz's conduct causes irreparable injury to the United States and an

4   injunction under I.R.C. § 7402(a) is necessary and appropriate.

5   64.   Unless Nicholas Munoz is enjoined, the IRS will have to devote substantial time and

6   resources to examining his customers' tax returns and liabilities.

7   65.   Unless Nicholas Munoz is enjoined, the customers relying on Nicholas Munoz's federal

8   tax return preparation services may be subject to additional tax liabilities along with

9   interest and penalties as a result of PTS's fraudulent tax return preparation.

10   WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

11   A.   That the Court find that Nicholas Munoz and PTS have repeatedly and continually

12   engaged in conduct subject to penalty under I.R.C. §§ 6694, 6695(g), and 6701 and that

13   injunctive relief is appropriate under I.R.C. § 7407 and 7408 to bar Nicholas Munoz from acting

14   as a tax return preparer and from engaging in conduct subject to penalty under I.R.C. § 6701;

15   B.   That the Court find that Nicholas Munoz has engaged in conduct that interferes

16   with the enforcement of the internal revenue laws and substantially interferes with the proper

17   administration of the internal revenue laws, and that injunctive relief against him is appropriate

18   to prevent the recurrence of that conduct pursuant to I.R.C. §§ 7407 and 7402(a);

19   C.   That the Court, under I.R.C. §§ 7402 and 7407, enter a permanent injunction

20   prohibiting Nicholas Munoz and his representatives, agents, servants, employees, attorneys,

21   independent contractors, and anyone in active concert or participation with him, from directly or

22   indirectly;

23   (1)   engaging in any conduct subject to penalty under I.R.C. § 6694, 6695, or 6701,

24   including preparing any part of a return or claim for refund that includes an

25   understatement due to an unreasonable position or a willful understatement of tax;

26   (2)   acting as a federal tax return preparer or otherwise directly or indirectly preparing

27   or filing, or assisting in the preparation or filing of any federal tax return(s) or

28   other related documents and forms for any other person or entity;

1     (3)    engaging in any other activity subject to penalty under the Internal Revenue Code;

2           and

3     (4)    engaging in any conduct that interferes with the administration and enforcement

4           of the internal revenue laws

5     D.    That the Court, under I.R.C. § 7402, enter an injunction requiring Nicholas

6 Munoz to contact all persons and entities for whom he prepared any federal tax return or other

7 tax related document after January 1, 2010 and inform those persons of the entry of the Court's

8 permanent injunction has been entered against him;

9     E.    That the Court, under I.R.C. § 7402, enter an injunction requiring Nicholas

10 Munoz to turn over to counsel for the United States a list of the names, addresses, e-mail

11 addresses, phone numbers, and Social Security numbers of all individuals or entities for whom he

12 prepared or helped to prepare any tax-related documents, including claims for refund or tax

13 returns since January 1, 2010;

14     F.    That the Court order that the United States is permitted to engage in post-

15 judgment discovery to ensure compliance with the permanent injunction; and

16     G.    That this Court grant the United States such other relief, including costs, as is just

17 and equitable.

18                                MELINDA HAAG

19                                United States Attorney

20

21                                /s/ Cynthia Stier

22                                CYNTHIA STIER

23                                Assistant United States Attorney

                                  Tax Division

24

25

26

27

28