UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DUGAN, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>LLOYDS TSB BANK, PLC,<br><br>        Defendant. | Case No. 12-cv-02549-WHA (NJV)<br><br>**ORDER ON MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 117, 129, 149 |

**INTRODUCTION**

The district court has referred all sealing motions related to Plaintiffs' motion for class certification to the undersigned. Doc. No. 157. There are three pending administrative motions to file documents under seal. *See* Doc. Nos. 117, 129, 149. The undersigned will take the administrative motions under submission without oral argument. *See* N.D. L.R. 7-11(c). The court addressed some of the issues related to the sealing motions in its March 26, 2013 order. *See* Doc. No. 148 (Order on Motion to Retain Confidentiality Designations). The March 26, 2013 order also sets out the relevant allegations of the complaint.

For the reasons stated below, the undersigned grants in part and denies in part the motions to seal.

**DISCUSSION**

Pursuant to Local Rule 79-5, when Plaintiffs filed their motion for class certification, they moved to file under seal those documents that defendant Lloyds TSB Bank, PLC ("Lloyds") had designated as "confidential" or "highly confidential" under the terms of the Stipulated Protective Order entered in this case. *See* Doc. No. 117. Lloyds filed the Declaration of Nicholas Harrison to establish that the designated information was sealable. Doc. No. 122 ("First Harrison Decl.").

1  Lloyds subsequently moved to file under seal certain documents in connection with its opposition
2  to the class certification motion (Doc. No. 129), supporting that motion with another declaration
3  from Harrison (Doc. No. 130 ("Second Harrison Decl.")). Finally, Plaintiffs moved to file under
4  seal certain passages of their reply brief. Doc. No. 149. Lloyds did not submit a third declaration
5  in support of Plaintiffs' motion to seal portions of their reply brief, but the passages at issue had
6  been addressed in the First and Second Harrison Declarations.

**A. Legal Standard**

Pursuant to Civil Local Rule 79-5(a),

> A sealing order may issue only upon a request that establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law, [hereinafter referred to as "sealable."] The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c).

Although Civil Local Rule 79-5 governs the motions to seal in this instance, the usual presumption of the public's right to access does not apply to non-dispositive motions with the same strength it applies to dispositive motions. *See In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). On non-dispositive motions, a party seeking to file under seal a document produced under seal in discovery only must establish there is "good cause" for sealing the record. *Id.* ("[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motion"); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Unless the denial of a motion for class certification would constitute the death knell of a case, "the vast majority of [] courts within this circuit" treat motions for class certification as non-dispositive motions to which the "good cause" sealing standard applies. *In re: High-Tech Employee Antitrust Litig.*, 2013 U.S. Dist. LEXIS 6606, *8 at n.1 (N.D. Cal. Jan. 15, 2013) (citing cases); *cf. In re NCAA Student-Athlete Name and Likeness Licensing Litig.*, 2012 U.S. Dist. LEXIS 131658, *9 at n.1 (N.D. Cal. Sept. 14, 2012) (noting that "the Ninth Circuit has not yet addressed whether or not, or under what circumstances, a motion for class certification is a dispositive motion" for purposes of deciding what standard

applies on sealing motions and that courts in this district have reached different conclusions). The Dugans allege that they have suffered more than $250,000 in monetary damages. *See* Doc. No. 1-3, ¶ 52. Accordingly, there is no reason this case could not proceed if class certification were denied. The court finds that the "good cause" sealing standard applies in this instance.

There may be "good cause" to seal records that are privileged, contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing. *High-Tech Employee Antitrust Litig.*, 2013 U.S. Dist. LEXIS 6606, at *5-*6 (citing Fed. R. Civ. P. 26(c)(1)(G) and cases). "Even under the 'good cause' standard of Rule 26(c), however, a party must make a 'particularized showing' with respect to any individual document in order to justify sealing the relevant document." *Id*. at *6-*7 (quoting *Kamakana*, 447 F.3d at 1180). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" *Id*. (quoting *Beckman Indus. Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cit. 1992)).

**B. Analysis**

Lloyds seeks to file more than twenty exhibits under seal[1], as well as numerous passages in the parties' briefs. With several exceptions, Lloyds offers only "broad allegations of harm" rather than a "particularized showing" with respect to individual documents that Lloyds seeks to file under seal. As this court has observed previously, Lloyds asks to seal documents based on the fact that the documents contain information that falls into a category that Lloyds deems confidential, rather than on any demonstration that the documents at issue are protectable. *See* Doc. No. 148.

    **i.    Plaintiffs' Motion For Class Certification And Supporting Documents.**

Plaintiffs moved to file certain portion of their motion for class certification and supporting documents under seal. Doc. No. 117. Lloyds filed the First Harrison Decl. in support of that motion. Doc. No. 122. The court orders as follows:

---

[1] The undersigned notes that Lloyds' requests are not "narrowly tailored to seek sealing only of sealable material." N.D. Civ. L.R. 79-5. Instead of moving to file redacted copies of documents, Lloyds repeatedly seeks to file entire documents under seal although only portions of the documents are even arguably sealable. *See, e.g.*, Hector Decl., Ex. C at 1-2 (cover page with illustration of a horse, and table of contents) & Ex. F (email string including emails that are not related to any substantive topics).

1 Declaration of Morgan L. Hector In Support of Plaintiff's Motion For Class Certification
2 ("Hector Decl."), Ex. A. This document was marked "confidential" by Lloyds and Plaintiffs thus
3 moved to file it under seal, however, Harrison does not address the document in his declaration.
4 The motion to file Ex. A under seal is denied.

Hector Decl., Ex. C. In his First Declaration, Harrison contends that the document is confidential[2] because it contains financial information that "would aid competitors and industry analysts in predicting the impact on [Lloyds] resulting from changes in intercompany transactions or changes to the sources of deposits, and because the analysis of the mortgage book would aid competitors in determining [the areas] on which they should focus in developing or marketing a competitive product." The document contains extensive confidential financial information from 2012. The motion to file Ex. C under seal is granted for pages 2-24. *See supra*, at n.1.

Hector Decl., Ex. E. This exhibit consists of excerpts from the deposition of Eric Sum. Lloyds' allegations of harm that would result from disclosure of the testimony are not based on the actual testimony. Instead, Harrison describes why Lloyds classifies certain general categories of information as "confidential." *See* Doc. No. 122 ¶ 8 (Confidential information could be used by competitors and analysts "to forecast cash flow and predict resulting changes to stock price" and could be used by borrowers to "convert loans or expedite repayment of LTSB's existing loans, resulting in harm to LTSB"). While this type of information might be used to Lloyds' detriment, Lloyds makes no showing that the testimony at issue might be so used. Lloyds did not make a sufficient particularized showing with respect to this exhibit. The motion to file Ex. E under seal is denied.

Hector Decl., Ex. F. The only portion of this four-page email chain that contains even arguably sealable material sets out a list of high level sales ideas from Stuart Cheetham. Lloyds therefore has failed to narrowly tailor its sealing request. Moreover, Harrison's declaration offers only broad allegations of harm that would result if the sales list were disclosed. Accordingly, the

---

[2] Lloyds produced a number of documents, including this one, as "Highly Confidential" but downgraded them to "Confidential" in connection with these motions to seal. *See* Hector Decl. Exs. C, F, G, N, T, CC, EE.

4

1  motion to file Ex. F under seal is denied.

2  Hector Decl., Exs. G & N. These detailed documents include information regarding the
3  unique features of Lloyds' IMS products, and set out specifics regarding eligibility requirements,
4  borrowing limits and loan security issues, valuation and legal issues, currency issues, interest cost,
5  repayment methods, fees and charges, process, and redemption issues. They contain
6  confidentiality provisions that limit their use. *See* Doc. No. 122 ¶ 10. Lloyds has made a
7  particularized showing with respect to portions of these exhibits. The motion to file under seal is
8  granted as to pages 4-33 of Ex. G, and as to Ex. N in its entirety.

9  Hector Decl., Ex. H. This exhibit consists of excerpts from the deposition transcript of
10 Stuart Cheetham. The undersigned already found that none of these passages was sealable. *See*
11 Doc. No. 148. The motion to file Ex. H under seal is denied.

12 Hector Decl., Exs. I & K. Theses exhibits consist of spreadsheets of "anonymized data
13 compilations of IMS loans." Doc. No. 122. Harrison declares that the information would allow a
14 competitor to "discern in which geographic regions and currencies LTSB's programs and products
15 have been most popular and profitable," and other details regarding the program, which would
16 "aid competitors in developing and servicing competing products." This broad allegation of harm
17 is not sufficiently particularized. The motion to file Exs. I & K under seal is denied.

18 Hector Decl., Ex. O. In his supporting declaration, Harrison once again broadly addresses
19 the category of documents that Lloyds considers "confidential" rather than the confidentiality of
20 the particular document at issue. Lloyds has not made a sufficient particularized showing that
21 there is good cause to seal this document. However, this document appears to be page 22 from
22 Ex. G, which the court has sealed. The motion to seal Ex. O therefore is granted on that basis.

23 Hector Decl., Ex. S. This exhibit consists of excerpts from the deposition transcript of
24 Richard Drean. The undersigned already found that pages 65:17-22, 69:2-6, and 69:11-14 were
25 sealable and that the remaining passages at issue here were not sealable. *See* Doc. No. 148. The
26 motion to file Ex. S under seal is granted as to pages 65:17-22, 69:2-6, and 69:11-14 and
27 otherwise denied.

28 Hector Decl., Ex. T. This exhibit contains minutes from an April 2012 meeting of the

United States District Court
Northern District of California

1  Asset and Liability Committee. Portions of the minutes contain financial information specific to
2  IMS, including future plans and pricing changes, which is the type of confidential business
3  information there is good cause to seal. Portions of the minutes contain information which does
4  not appear to be sealable. The motion to file Ex. T under seal is granted as to sections 2, 3, 5 and
5  7 of the document and otherwise denied.

6  Hector Decl., Ex. W. This document appears to be a draft analysis of the IMS loan
7  portfolio. The analysis focuses on Lloyds' portfolio and IMS customers, not on the product itself.
8  Moreover, the financial analysis ends in 2010. Harrison declares the document is "Highly
9  Confidential" but offers only broad and generalized allegations of harm to substantiate the motion
10 to seal. The request is not sufficiently particularized, and the motion to file Ex. W under seal is
11 denied.

12 Hector Decl., Ex. X. This May 2012 document contains the type of confidential business
13 information there is good cause to seal. The remainder of Ex. X contains information regarding
14 Lloyds' customer service process, including proposed Q&A to be shared with customers. The
15 motion to file pages 2-3 of Ex. X under seal is granted and it otherwise denied.

16 Hector Decl., Ex. Y. This July 2012 document contains the type of detailed confidential
17 financial information there is good cause to seal. The motion to file Ex. Y under seal is granted.

18 Hector Decl., Ex. Z. Lloyds does not provide sufficiently particularized arguments to
19 justify filing these January 2011 emails under seal. The motion to file Ex. Z under seal is denied.

20 Hector Decl., Ex. AA. Lloyds' request to file the passcodes listed in this exhibit under seal
21 is granted. The motion as to the remainder of the exhibit is denied, as it is not sufficiently
22 particularized.

23 Lloyds supports its motion to file Hector Decl., Exs. BB, CC, DD, EE, FF, GG, II and KK
24 under seal by arguing that the documents contain information that falls into categories that Lloyds
25 classifies as "Confidential" or "Highly Confidential."[3] Lloyds argues broadly that such
26 information could be used by competitors to Lloyds' detriment. *See* Doc. No. 122 ¶¶ 21-28.

27
28 [3] The First Harrison Decl. does not address Ex. HH. The motion to file that exhibit under seal, and the portion of the brief that quotes that exhibit, therefore is denied.

6

These exhibits mostly contain information regarding pricing considerations in 2011, and Lloyds articulates only in the broadest and most generalized terms how such historical information could cause competitive harm today. For example, the presentation attached at Ex. FF was emailed in January 2011 and consists of a retroactive review of pricing decisions up to that point. Lloyds argues that disclosure of this information "would cause competitive harm where it would reveal to competitors the factors bearing on such recommendations, including funding costs and decision-making methodology, allowing them to forecast future changes and also to forecast the impact on their loan book from similar changes." Doc. No. 122 ¶ 25. The document does not delve into the types of specific factors or methodology that the undersigned found were confidential in the March 26, 2013 order. (These documents also have been redacted of privileged information; this order does not pertain to the privilege redactions.) As another example, Lloyds requests that Ex. KK be filed under seal because Lloyds "regards all customer correspondence as 'confidential.'" *Id.*, ¶ 28. Because Lloyds does not articulate sufficient particularized reasons why these specific documents should be filed under seal, the motion to file Exhibits BB, CC, DD, EE, FF, GG, II and KK under seal is denied.

Finally, Lloyds argues that certain passages in the motion for class certification should be filed under seal because they contain discussions and quotations from documents that Lloyds classifies as confidential. Doc. No. 122 ¶ 29. However, even where the court has granted the motion to seal the documents which Plaintiffs summarize or from which they quote, the information in Plaintiffs' brief is neither sufficiently detailed nor extensive to qualify for sealing. *See* generally Doc. No. 148. Once again, Harrison only offers broad, generalized statements regarding potential harm from disclosure, rather than analyze the actual passages at issue in Plaintiffs' brief. Nonetheless, based on its earlier order in this case and decisions herein, the court finds there is good cause to file the following passages of the motion for class certification under seal: pages 2:7-9, 2:24, 3:6-15, 4:26-27, 5:7, 5:27-6:1, 8:20-22, 11:3, and 19:19-21. The motion to seal portions of the class certification motion under seal is otherwise denied.

       **ii.    Lloyds' Opposition And Supporting Documents.**

Lloyds moves to seal certain portions of its opposition brief and supporting documents and

has filed the Second Harrison Decl. in support of its request. *See* Doc. Nos. 129 & 130.

The Second Harrison Decl. (Doc. No. 130) once again only offers broad, generalized arguments in support of sealing, and does not address the specific information Lloyds includes in its opposition. *See* Doc. No. 130 ¶¶ 3 & 4. Lloyds fails to demonstrate that the portions of the opposition that cite exhibits or declarations that Lloyds has designated as confidential should be sealed. For the reasons stated above, as well as for the reasons stated in its March 26, 2013 order, the motion to file page 9:26-28 of Lloyds' opposition to the motion for class certification is granted, and is otherwise denied.

The court already has denied the motion to file Ex. K to the Hector Decl. under seal.

For the reasons stated in Doc. No. 148, the motion to file portions of Richard Drean's Declaration under seal is granted as to paragraphs 4, 6, 12, and 14, and is otherwise denied. Also for reasons stated in Doc. No. 148, the motion to file Ex. A to the Drean Declaration under seal is granted as to pages 60:4-16; 65:17-22; 68:13-22; 69:2-6, 11-14; 92:16-25; 93:24-94:5; 94:23-25; 118:1; 142:15-145:25, and otherwise denied.

For the reasons stated in Doc. No. 148, the motion to file portions of the Cheetham Declaration and Ex. A thereto under seal is denied. With the exception of missing some hand-written annotations (and the fact that it was produced as "Confidential" rather than "Highly Confidential"), Ex. F to the Cheetham Declaration appears to be identical to Ex. G to the Hector Declaration. The undersigned granted the motion to seal pages 4-33 of Ex. G to the Hector Decl., and therefore grants the motion to seal pages 4-33 of Ex. F to the Cheetham Decl.

### iii. Plaintiffs' Reply Brief.

On March 27, 2013, Plaintiffs moved to file under seal certain portions of their reply brief that reference or include materials that Lloyds has designated as confidential. Doc. No. 149. Pursuant to Civil Local Rule 79-5(d),

> Within 7 days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.

8

Lloyds' declaration and its "narrowly tailored proposed sealing order" were due no later than April 3, 2013. *See* N.D. Civ. L.R. 1-5(c) ("'day' shall have the meaning given in F. R. Civ. P. 6(a)"); Fed. R. Civ. P. 6(a) ("day" includes Saturdays and Sundays unless the last day falls on such days). As of the date of this declaration, Lloyds has filed neither a supporting declaration nor a proposed sealing order. Although the reply brief may be made part of the public record on this ground alone, the court has reviewed the reply brief, using the First and Second Harrison Declarations to analyze the motion to seal. The court concludes that there is good cause to seal page 9, lines 8-10 (quoting Hector Decl., Ex. G) of the brief, and otherwise denies the motion to seal any other portion of the reply brief.

## CONCLUSION

For the foregoing reasons, the court grants in part and denies in part the parties' administrative motions to seal documents filed in connection with Plaintiffs' motion for class certification. The parties shall re-file the relevant documents, consistent with this order and Local Rule 79-5(e). The parties should provide new Chambers Copies of the documents affected by this order to the district court judge.

In addition, whether there is "good cause" to file one of these documents under seal at this juncture does not establish that the same documents will be sealable in connection with any future dispositive motions to which the presumption of public access will apply with greater force.

**IT IS SO ORDERED**.

Dated: April 9, 2013

Nandor J. Vadas
United States Magistrate Judge