UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DUGAN, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> LLOYDS TSB BANK, PLC, <br><br> Defendant. | Case No.  12-cv-02549-WHA (NJV) <br><br> **ORDER RE LLOYDS' SECOND MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS; ORDER ON ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Re: Dkt. Nos. 124, 126 |

Before the court is defendant Lloyds TSB Bank, PLC's second motion to retain confidentiality designations. Pursuant to Local Rule 7-1(b), the court takes the matter under submission without oral argument. The May 7, 2013 hearing on this matter is hereby vacated.

As an initial matter, the court commends the parties for resolving the vast majority of their disputes on their own: after filing its motion and meeting and conferring with Plaintiffs, Lloyds withdrew dozens of confidentiality claims, and Plaintiffs withdrew dozens of challenges. *See* Doc. No. 195. As a result of the parties' efforts, only five passages in the Sum deposition remain at issue before the court. *Id*. Based on the declaration of Nicholas Harrison (Doc. No. 125) and on the principles the court already set forth in its prior discovery orders (*see* Doc. Nos. 148 & 161), the court orders as follows:

**Deposition of Eric Sum ("Sum Dep.") at 112:19-23**. The question and answer that Lloyds has designated as confidential logically follow prior questions and answers that Lloyds no longer claims are confidential (*see* Sum Dep. at 108:1-109:3), and prior questions and answers that Lloyds never designated as confidential (*see id*. at 109:11-112:18). Moreover, Sum did not know the answer to the question posed, and the court already concluded that this type of testimony did not warrant confidentiality. *See* Doc. No. 148 at 4-5. Although Lloyds explains generally why it

considers information relating to these topics to be confidential, Lloyds does not explain how disclosure of this testimony could harm its competitive interests or why the information would be entitled to protection under Fed. R. Civ. P. 26 or Local Rule 79-5.  *See* Doc. No. 125 (Harrison Declaration) at ¶¶ 6-8, 13, 17.  Accordingly, Lloyds' motion as to this passage is denied.

**Sum Dep. at 155:9-15.**  In this exchange, Sum does not discuss specific components of the LTP charge, a topic which the court previously concluded should be kept confidential.  *See* Doc. No. 148 at 9-10.  In fact, Sum only testifies that the category of information he identified as a component "might be a consideration" with respect to the LTP charge.  Sum Dep. at 155:15. Although Lloyds explains generally why it considers information relating to these topics to be confidential, Lloyds does not explain how disclosure of this testimony could harm its competitive interests or why the information would be entitled to protection under Fed. R. Civ. P. 26 or Local Rule 79-5.  *Cf.* Doc. No. 125 (Harrison Declaration) at ¶¶ 6-8, 17.  Lloyds' motion as to this passage is denied.

**Sum Dep. at 158:4-12.**  This testimony addresses one of the specific components of the LTP charge that this court has previously kept confidential.  *See* Doc. No. 148 at 9.  Lloyds' motion as to this passage is granted.

**Sum Dep. at 163:5-7.**  This testimony covers the same topic as that addressed at 155:9-15, and Lloyds' motion is denied for the reasons stated above.

**Sum Dep. at 168:17-24.**  This testimony covers the same topic as that addressed at 158:4-12, and Lloyds' motion is granted for the reasons stated above.

Lloyds lodged complete, un-redacted copies of the depositions of Sum and Harrison with the court and moved to file the documents under seal.  Doc. No. 124.  Because Lloyds already de-

designated many of the passages at issue in the motion to seal, and for the reasons stated above, that motion is denied.  Lloyds shall proceed in the manner described by the Local Rules.  *See* Civil L.R. 79-5(e).

**IT IS SO ORDERED**.

Dated:  April 23, 2013

_____
NANDOR J. VADAS
United States Magistrate Judge

United States District Court
Northern District of California

3