IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DUGAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LLOYDS TSB BANK, PLC,<br><br>Defendant.<br>_____/ | No. C 12-02549 WHA<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION, DENYING MOTION TO MODIFY CASE MANAGEMENT ORDER, AND VACATING HEARING** |

      The case management order in this action set deadlines of November 30, 2012, for pleading amendments and March 7, 2013, for filing a motion for class certification (Dkt. No. 47 at 2). After substantial briefing, a January 17 order permitted plaintiffs to file an amended complaint and add additional plaintiffs (Dkt. No. 98). It later became apparent that plaintiffs' purpose in amending was to expand the potential scope of their class certification motion.

      Plaintiffs timely filed their motion for class certification by the March 7 deadline (Dkt. Nos. 163–64). The motion sought to certify five classes and subclasses implicating residents of 31 countries, with claims potentially subject to the laws of at least eight domestic and foreign jurisdictions. Plaintiffs were clearly "seeking certification of all the classes they could imagine, evidently hoping that the Court [would] filter the confusion into something coherent" (Dkt. No. 203 at 3). Nevertheless, after extensive oral argument and four rounds of supplemental submissions, an April 19 order granted plaintiffs' motion in part and certified two "120% clause" classes. Plaintiffs' request to certify various "Cost of Funds" classes, however, was denied (*Id*. at 7–12).

Plaintiffs have now filed a motion for reconsideration, styled as a motion under Rule 21(c)(1)(C) to amend the class certification order. In the alternative, plaintiffs request that the case management order deadlines be modified so that they may file a second amended complaint and a second motion for class certification (Dkt. No. 209). Plaintiffs seek to reopen the class certification phase and certify an additional, "narrower" version of the rejected "Cost of Funds" classes.

Leaving aside the procedural propriety of the instant motion, resolving plaintiffs' class certification motion required a substantial investment of time and effort to identify certifiable classes in plaintiffs' overbroad proposals. After much work and wading through voluminous materials, two potentially manageable classes were certified. Plaintiffs had the opportunity to present a reasonable, narrow Cost of Funds class during the prior rounds of briefing. That opportunity has been lost. This order declines to reopen the class certification phase once again.

A prior order warned plaintiffs that "[c]ounsel should be careful not to overreach lest their Rule 23 motions eventually collapse of their own weight" (Dkt. No. 92 at 6). Counsel should have heeded the admonition to avoid overreaching and to present manageable and coherent candidates for certification. To allow them to try again would reward an uncommendable tactic. And, the Court continues in the view that control over any cost-of-funds claim is best left to each borrower to be asserted individually if and when the bank asserts a default against said individual.

Plaintiffs' motion for reconsideration is **DENIED**. Plaintiffs have not shown good cause under Rule 16(b) to modify the case management order. Accordingly, plaintiffs' alternative motions are also **DENIED**. The June 6 hearing is **VACATED**. This ruling is without prejudice to any potential motion to narrow the *certified* classes or otherwise streamline the action prior to trial.

**IT IS SO ORDERED.**

Dated: May 3, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2