UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JOHN DUGAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LLOYDS TSB BANK, PLC,<br><br>Defendants. | Case No. 12-cv-02549-WHA (NJV)<br><br>**ORDER GRANTING MOTION TO COMPEL IN PART**<br><br>Re: Dkt. No. 328 |

Plaintiffs argue that the privilege log produced by defendant Lloyds TSB Bank, PLC is inadequate and does not comply with Judge Alsup's Supplemental Order; that Lloyds has waived its privilege claims by failing to provide an adequate privilege log; and that Lloyds has improperly withheld documents that do not appear to be privileged either because the privilege log fails to provide sufficient information to support the privilege claim, or because the documents were provided to/created by third parties. *See* Doc. No. 328. Prior to filing their motion to compel, Plaintiffs met and conferred both telephonically and in person with Lloyds. *See* Doc. No. 328-1 & Doc. No. 328-2. The court heard oral argument on December 18, 2013, and for the reasons stated below, grants in part Plaintiffs' motion to compel.

**A. Privilege Log Issues.**

To the extent Lloyds' privilege log does not list the identity of the author(s), sender(s) or recipient(s) of a document Lloyds claims to be privileged, Lloyds' privilege log does not comply with Judge Alsup's Supplemental Order. *See* Doc. No. 30 at ¶ 16. Lloyds argues that "almost all of the entries" in its log where it did not identify the attorney who provided the privileged information "relate to 'stand alone' documents, such as PowerPoint Presentations and meeting

1  minutes--documents that reflect either a privileged notation of an intent to seek legal advice or a
2  privileged notation of legal advice previously communicated." Doc. No. 332 at 4. Stuart
3  Cheetham, a Lloyds Chief Executive who has been involved in this litigation, declares that the
4  redacted portions of two PowerPoint presentations Plaintiffs discuss in their motion "contain
5  multiple references to the term 'legal advice' and relate to legal advice that was requested and
6  provided to the IMS business." Doc. No 334 (Cheetham Decl.) at ¶¶ 5-6. Lloyds also argues that
7  it does not have a duty to research the identity of an attorney whose advice it redacted if the
8  identity of the attorney is not apparent from the face of the document. With respect to one
9  document the parties discussed during their meet and confer effort, counsel for Lloyds investigated
10 "documents authored during the same time period [which] revealed that several outside law firms
11 gave legal advice on the topic addressed in the document at issue and, where it was not apparent
12 on the face of the document which firm provided the advice ultimately memorialized in the
13 document, I identified both firms." Doc. No. 333 (Hocevar Decl.), ¶ 5. As an initial matter, the
14 court notes that Lloyds was aware that this information should have been included in its log, not
15 only because Judge Alsup's Supplemental Order is quite clear, but because this court already held
16 that Lloyds needed to comply, fully, with Judge Alsup's Supplemental Order. *See* Doc. No. 292 at
17 5 ("Lloyds also must provide a privilege log, which must comply with Judge Alsup's standing
18 order. The court encourages Lloyds to be extremely specific in its privilege log entries and not to
19 over-designate items as privileged"). Yet, Lloyds did not seek relief from Judge Alsup to modify
20 the requirements of his Supplemental Order. In addition, the fact a document contains the
21 reference "legal advice" is not, without more, sufficient to establish that the document is
22 privileged, or that any privilege was not waived.
23    Plaintiffs' ability to confirm the propriety of the designations is further hindered by the fact
24 that many of Lloyds' subject matter descriptions are sparse. *See, e.g.*, Doc. No. 328-7. The
25 sparseness is especially problematic where Lloyds seeks to withhold a document created by or
26 shared with an unidentified in-house counsel. Stuart Cheetham declares that the "Hong Kong
27 branch of LTSB consults in-house counsel on legal issues and does not seek pure business advice
28 from in-house counsel." Doc. No 334 (Cheetham Decl.) at ¶ 3. To the extent Lloyds fails to

identify which in-house counsel received a request for legal advice or offered such advice, and fails to offer an "extremely specific" description of the communication in its privilege log, Lloyds fails to carry its burden of showing that the communication was legal, as opposed to business-related. *Cf. ePlus Inc. v. Lawson Software Inc*., 2012 U.S. Dist. LEXIS 177616, *16-*17 (E.D. Va. Dec. 14, 2012) (finding privilege log adequate despite absence of information re authors or recipients because "the narrative description more than adequately identifies an attorney . . . as either the author of the document or as the attorney who directed its preparation").

Accordingly, no later than 21 days from the date of this order, Lloyds shall produce a privilege log that complies with Judge Alsup's Supplemental Order, at least by providing the identity of the provider of the legal advice used as a ground for withholding/redacting the document, as well as any person(s) who received the document. If Lloyds cannot identify the provider of the legal advice in any document at issue, Lloyds shall explain by way of a separate declaration how the document was determined to be privileged, and how Lloyds determined that the document was not disclosed to third parties, except those who would not destroy the privilege. Any such explanation shall be comprehensive, and shall be provided within 21 days from the date of this order. By way of clarification, the explanation Ms. Hocevar provides in Paragraph 5 of her Declaration is not sufficient. *See* Doc. No. 333.

**B. Communications involving consultants.**

Plaintiffs argue that Lloyds has waived any privilege that otherwise might have attached to documents it has shared with Rothschild Financial Consulting. Lloyds responds that it engaged Rothschild as a consultant to assist in-house counsel in providing legal (and other) advice. *See* Doc. No. 332 at 19 (citing Hocevar Decl. ¶ 11 & Cheetham Decl. ¶ 11). Mr. Cheetham acknowledges that Rothschild "*among other things*" advised Lloyds on legal matters. *See* Cheetham Decl. ¶ 11 ("The information solicited from Rothschild was to be utilized by LTSB's counsel in their evaluation of *inter alia*, transaction structure, process and timing in connection with the potential sale of LTSB's businesses and to assist in valuations and related issues in connection with such transactions.") Thus, communications with Rothschild employees may also have pertained to business matters or mixed business and legal matters. During oral argument,

counsel for Lloyds argued that Lloyds only withheld documents containing or memorializing legal advice, and produced those documents that contained purely business advice.

Plaintiffs demand that Lloyds produce every communication involving Rothschild employees Meier, Mitting, Chan, Yip, Tecedor, Meany and Wong. Doc. No. 328 at 11. Within 21 days of this order, Lloyds shall supplement its privilege log to demonstrate that each communication to/from these employees that was withheld from production or redacted, was "necessary for the proper dispensation of legal advice" (Doc. No. 332 at 19) or otherwise remains privileged.

### C. Communications involving Hong Kong Monetary Authority.

At first glance, a small number of entries in Lloyds' privilege log fail to provide any information that would allow Plaintiffs (and the court) to determine whether the documents provided to HKMA contain legal analysis supporting Lloyds' claim that any of the theories of privilege it invokes in its opposition applies. *See* Ex. 17 to L. Stennes Decl. (Doc. No. 328-19 (log of HKMA-related entries)), lines 11615-11624 & 11629-11633. In its opposition, Lloyds explains that these entries are part of email chains. *See* Doc. No. 332 at 15. The parties should have resolved this formatting issue through meet and confer efforts, without court involvement. To the extent the entries do represent email chains between the parties identified in the parent email, Lloyds shall make this clear in its privilege log or by separate letter to Plaintiffs' counsel.

With respect to the other log entries Plaintiffs challenge, Lloyds has not established that the non-waiver provision of the Financial Services Regulatory Relief Act of 2006 apply to Lloyds in Hong Kong. *See* 12 U.S.C. §§ 1813(c), 1828(x). However, Cap 155 may protect from production documents containing legal advice provided in response to HKMA requests and the Legal Professional Privilege may also apply under certain factual circumstances. *See* Doc. No. 339 at 5-6. In its privilege log, Lloyds has identified an HKMA email address in either the "to" or "from" box, and has indicated the subject matter is a "privileged and confidential communication with regulator regarding attorney client/work product information responsive to regulator request under Cap 155" or something similar. *See* Doc. No. 328-19. Plaintiffs argue that Lloyds has not sufficiently identified the basis for its claim that the document pertains to legal advice, and

contrast these vague descriptions with the more specific description counsel for Lloyds offered in opposition to the motion to compel. Doc. No. 339 at 4. Within 21 days of this order, Lloyds shall supplement its privilege log to provide sufficient information to demonstrate that the Legal Professional Privilege or Cap 155 applies. *See, e.g.*, Doc. No. 333 at ¶ 10.

## CONCLUSION

Unless the parties agree to a longer time-frame, Lloyds shall supplement its privilege log as indicated above within 21 days. In addition, within 21 days of this order, Martha Sullivan or Amy Hocevar[1] shall submit a declaration attesting that she has reviewed each of the documents withheld on privilege grounds and certifies that the document withheld or the information redacted is privileged.

At this juncture, the court does not find that Lloyds has waived the attorney-client privilege. Should the supplemental log/declarations fail to address Plaintiffs' concerns, Plaintiffs may file a further motion to compel identifying specific documents they seek to have produce.

**IT IS SO ORDERED**.

Dated: December 23, 2013

_____
NANDOR J. VADAS
United States Magistrate Judge

---

[1] The court understands that Lloyds has utilized a team of reviewers to parse through these documents, and that Plaintiffs' counsel may be concerned that junior team members or contract attorneys may not be as intimately familiar with the issues in this case, the law, or the nuances of attorney-client privilege law. Having lead counsel verify that these documents were properly withheld should alleviate concerns about over-designation.