1
2
3
4
5
6                          IN THE UNITED STATES DISTRICT COURT

7                         FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9

10    JOHN DUGAN, et al.,                          No. C 12-02549 WHA

11              Plaintiffs,

12       v.

13    LLOYDS TSB BANK, PLC,                        **ORDER TENTATIVELY GRANTING
                                                   MOTION FOR PRELIMINARY
14              Defendant.                         APPROVAL OF CLASS SETTLEMENT**

15    _____/

16           In this class action involving international loan products, plaintiffs move for preliminary

17    approval of a class settlement.  To the extent stated below, the motion is **TENTATIVELY**

18    **GRANTED**.

19                                          **STATEMENT**

20           The background of this consolidated action has been set forth in prior orders and need not

21    be discussed in detail here (Dkt. Nos. 92, 203).  Defendant Lloyds is a bank organized under the

22    laws of the United Kingdom with branches in Hong Kong and New York, among other places.

23    Plaintiffs obtained Lloyds' "dual currency" loans.  These loans, which Lloyds labels as

24    International Mortgage Service ("IMS") loans:  (1) were stated in U.S. dollars but could be

25    redenominated into foreign currency at the borrower's discretion; (2) once redenominated, were

26    allegedly subject to a "principal cap" of 120 percent of the original principal; (3) were subject to

27    a variable interest rate to be set at 1.5 percent above Lloyds' "cost of funds"; and (4) were

28    secured by real property in the United States.

**United States District Court**
For the Northern District of California

An April 19 order granted in part plaintiffs' motion for class certification, appointed John Dugan and Aurora Dugan as class representatives, and appointed attorneys from the Steptoe firm as class counsel (Dkt. No. 203). The order certified the following nationwide Rule 23(b)(2) and 23(b)(3) class under Hong Kong law:

> All IMS borrowers obligated to Lloyds TSB Bank, PLC at any time since May 17, 2006, whose loan documents expressly were governed under the law of Hong Kong and included a 120% Clause and who currently reside in the United States and for whom a first-class mailing address is known, but excluding all borrowers whose loan documents include a forum-selection clause other than the United States. This class is for both declaratory relief and damages.

The order defined 120% Clause as:

> Notwithstanding the foregoing, in the event the loan is redenominated, any fluctuations in the value of the currency from time to time shall not result in a principal sum which exceeds [120% of the original facility amount].

The order also certified the following injunction/restitution class under California unfair competition law, California Business and Professions Code Section 17200, *et seq.*:

> All IMS borrowers obligated to Lloyds TSB Bank, PLC at any time since May 17, 2006, whose loan documents expressly were governed under the law of Hong Kong and included a 120% Clause and who currently reside in California now and for whom a first-class mailing address is known, but excluding all borrowers whose loan documents include a forum-selection clause other than California.

Plaintiffs' motion to certify various "Cost of Funds" classes was denied.

A May 22 order approved the class notice with modifications and designated Dahl Administration, LLC as the administrator (Dkt. No. 219). On May 29, Lloyds provided Dahl with a class list of 148 borrowers.

On August 13, the parties indicated that by the close of the opt-out period, the administrator had received opt-out requests for six loans. The class ID numbers were 65, 66, 67, 68, 69, and 70.

On July 10, August 13, and November 5, the parties participated in three settlement conferences. On November 15, the parties and their counsel signed a proposed settlement agreement. On December 26, the parties appeared for a hearing on the motion for preliminary

2

approval of class settlement.  Guidance was provided on some of the problems with the proposed

settlement.  On January 6, the parties submitted a revised proposed class settlement, proposed

settlement notice, and supporting documents (Dkt. No. 403).

## ANALYSIS

A settlement may be approved only after a hearing and on a finding that it is fair,

reasonable, and adequate.  FRCP 23(e).  A number of factors are considered, including:

> the strength of plaintiffs' case; the risk, expense, complexity, and
> likely duration of further litigation; the risk of maintaining class
> action status throughout the trial; the amount offered in settlement;
> the extent of discovery completed, and the stage of the
> proceedings; the experience and views of counsel; the presence of
> a governmental participant; and the reaction of the class members
> to the proposed settlement.

*Staton v. Boeing Co.*, 327 F.3d 938, 959–60 (9th Cir. 2003).

**1.    PROPOSED SETTLEMENT.**

This order tentatively grants preliminary approval of the proposed settlement.  Some

notable provisions are addressed below.

***Benefit to Settlement Class Members***:  The proposed settlement provides $1,550,000 to

settlement class members — 64% of plaintiffs' trial-ready realized damages calculation — and

up to $50,000 to the settlement administrator for actual costs of settlement administration.  Class

counsel will calculate each settlement class member's pro rata share of the $1,550,000 cash

payment based on each settlement class member's alleged overpayment to Lloyds.  The residue

of any un-cashed checks will be paid to "EAH Housing," an affordable housing nonprofit

corporation in San Rafael, California.

***Settlement Class Members***:  The proposed settlement class is defined as "all IMS

borrowers (including any coborrower) in either of the two classes certified by the Court," except

for the IMS borrower with six loans who opted out and any other IMS borrower who timely opts

out.

***Proposed Release***:  The proposed class release applies to all claims:

> arising out of or relating to the Class Claims . . . . Additionally,
> (and noting the Court's statements at the December 26, 2013
> preliminary settlement approval hearing as shown at page 5 lines
> 19-23 of the Transcript thereof), each of the Settlement Class

United States District Court

For the Northern District of California

3

United States District Court

For the Northern District of California

> Members expressly waives all rights under California Civil Code
> §1542 with respect to the Class Claims to the extent, if any, it
> would otherwise apply to the Class Claims which provides:  A
> general release does not extend to claims which the creditor does
> not know or suspect to exist in his or her favor at the time of
> executing the release, which if known by him or her must have
> materially affected his or her settlement with the debtor.

The settlement resolves class claims for damages alleged to have been incurred from May 17, 2006 to the date of final approval of the settlement.  For any damages alleged to have occurred after this period, the parties agree to binding arbitration pursuant to the proposed arbitration agreement.

     ***Arbitration Agreement***:  The proposed arbitration agreement applies to class and individual disputes to be resolved via arbitration in San Francisco in the year 2017.  In early 2017, Lloyds and class counsel shall exchange data regarding alleged damages to be pursued in arbitration.  If the class disputes are not informally resolved, the parties shall select arbitrators for a three-arbitrator panel.  An arbitration on the merits shall occur no later than June 2017.

     If an individual settlement class member wishes to pursue a dispute individually, notice of this choice is due February 14, 2017.  Lloyds shall advance 5/6 of the arbitration tribunal's fees and costs if there are three arbitrators and 1/2 of the arbitrator's fees and costs if there is one arbitrator.

     ***Opting Out***:  The settlement administrator shall send the proposed class notice to all settlement class members via first-class mail within 30 days.  If the notice is returned, the settlement administrator shall search for a more current address and re-mail the notice within 15 days.  If no new address information can be found, the settlement administrator "shall have no further obligation to search for new address information or to re-mail the Class Notice to that Settlement Class Member."  "Any Settlement Class Member as to whom every mailing of a Class Notice under [the] Agreement is returned to the Settlement Administrator as undeliverable shall be treated for all purposes as having timely submitted an Exclusion Request."  To opt out, settlement class members must submit a written exclusion request, postmarked no later than 60 days after the date the notice is mailed.

United States District Court
For the Northern District of California

1    ***Uncashed Checks***:   Settlement class members have sixty days to cash their checks.

2    Those who do not cash their checks within sixty days after issuance "shall no longer be eligible

3    to receive payment" and shall not be required to arbitrate, but shall otherwise be bound by the

4    settlement agreement.

5    ***Attorney's Fees***:  Any payment to class counsel that the Court may award will not come

6    from the $1,600,000 settlement cash payment.  Class counsel shall file a motion for award of

7    attorney's fees and costs at least 45 days prior to the deadline for settlement class members to

8    object to the proposed settlement.

9    ***Jurisdiction***:  The proposed settlement states that:

10         the Court shall retain jurisdiction over:
           (a) any other action necessary to implement the terms of the Final
11         Judgment and/or the Settlement Agreement;
           (b) the construction, interpretation, implementation, and
12         enforcement of the Final Judgment, until each and every act agreed
           to be performed by the parties thereunder has in fact been fully
13         performed.

14    **2.    CLASS NOTICE.**

15    Notice must be mailed to the class members by **FEBRUARY 7, 2014**.  Subject to the

16    following revisions, the proposed form of notice is hereby **APPROVED**.  The Court wants the

17    class members to have a fair opportunity to comment on the proposed settlement before final

18    approval.  The notice should be revised as follows:

19         •    The first sentence on page one should be revised to state:
                "THIS DOCUMENT CONTAINS IMPORTANT
20              INFORMATION ABOUT YOUR LEGAL RIGHTS.
                *YOUR 120% CLAUSE CLAIMS AGAINST LLOYDS TSB*
21              *BANK PC WILL SOON BE EXTINGUISHED IN FAVOR*
                *OF A SETTLEMENT*" (emphasis added to denote revision).

22
23         •    Under "Do Nothing" on page one, the sentence should be
                revised to state:  "By doing nothing, you will remain in the
                Class and will be entitled to the settlement benefits
24              described in this Notice.  But, you give up any rights to sue
                LTSB separately about the same claims that are subject to
25              the class action settlement in this lawsuit.  *Essentially, in*
                *exchange for a pro rata share of the settlement, you release*
26              *your class claims and agree to binding arbitration in 2017*
                *for future claims*" (emphasis added to denote revision).
27
           •    Under the section titled "What are the terms of the
28              Settlement Agreement," on page three, the following
                revisions shall be made:  "The Settlement Agreement

5

establishes a binding arbitration procedure that will take place *in the year* 2017 to resolve any additional claims for damages for overpayments after the class period.  *If you intend to pursue such claims individually, notice is due February 14, 2017*" (emphasis added to denote revision).

**3.     DEADLINE TO OBJECT.**

Class members may object to any part of the settlement.  All objections must be made in writing and mailed to the address stated in the notice.  The objections must be postmarked on or before **11:59 P.M. ON MARCH 7, 2014**.  Class members who mail in written objections shall also have an opportunity to speak at the fairness hearing and raise their objection.  If the parties seek to file responses to any objections received, they must do so by **MARCH 21, 2014**.

**4.     DEADLINE TO OPT OUT.**

Class members who wish to exclude themselves from the settlement must do so in writing by submitting a signed and dated opt-out form to the address set forth in the notice.  The opt-out form must be postmarked on or before **11:59 P.M. ON MARCH 7, 2014.**

**5.     MOTION FOR FINAL APPROVAL.**

The motion for final approval of the proposed settlement must be filed by **MARCH 14, 2014**, and shall be noticed on the normal 35-day track.  Any motion for attorney's fees must be filed by **JANUARY 21, 2014** and should append supporting declarations and invoices with exhibit tabs.  The motion should clearly explain and justify the specific fees and costs sought with supporting law.  Both motions will be heard at **3:00 P.M. ON APRIL 18, 2014**.

**CONCLUSION**

This is a tentative order, subject to the hearing on **JANUARY 8**.


**IT IS SO ORDERED.**


Dated:   January 7, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

6