UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LLOYDS BANK PLC INTERNATIONAL
MORTGAGE SERVICE LOAN LITIGATION           MDL No. 2501

ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, common defendant Lloyds TSB Bank plc (Lloyds) moves to centralize this litigation in the Northern District of California. The litigation encompasses two actions (*Dugan* and *Osmena*) pending in that district and a third action (*Willcox*) pending in the District of Hawaii, as listed on Schedule A.[1] The *Dugan* and *Willcox* plaintiffs submitted responses in opposition to the motion.

On the basis of the papers filed and the hearing session held, we will deny the motion for centralization. In doing so, we acknowledge that the subject actions do share, to some extent, factual issues concerning Lloyds' marketing and sale of loans that were "dual currency" (*i.e*, stated in U.S. dollars but subject to redenomination into a foreign currency at the borrower's discretion). In particular, all three actions involve allegations that these loans were subject to a variable interest rate set at a fixed percentage (usually 1.5%) above Lloyds' "Cost of Funds," and that Lloyds arbitrarily increased its "Cost of Funds" during the course of the loans, thereby raising plaintiffs' borrowing costs.

As a practical matter, however, there are but two actions in this docket, as the two California actions have been consolidated for all purposes. Informal coordination among the two involved courts seems practicable – just as it does among the parties, given that the *Dugan* and *Willcox* plaintiffs share counsel, and the same law firm represents Lloyds in all actions. *See In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377, 1378 (J.P.M.L. 2011) (denying centralization of four actions in which plaintiffs in three actions shared counsel and the common defendant was represented by the same counsel in all actions, concluding that "alternatives to formal centralization, such as voluntary cooperation among the few involved counsel and courts, appear[ed] viable").

The widely varying procedural postures of the actions also weigh against centralization. Indeed, while the Hawaii action was only recently commenced, the consolidated action in California is, by any measure, quite advanced. The presiding judge ruled on a motion to dismiss in September 2012, as well as a motion for class certification in April 2013, and recently gave preliminary approval to a partial class settlement. Discovery in the California action is essentially over, whereas it has not yet even begun in the

---

[*] Judge Paul J. Barbadoro and Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] The Panel has been informed of one additional related federal action, pending in the Western District of Washington.

- 2 -

Hawaii action. *See, e.g., In re: Brandywine Commc'ns. Techs., LLC, Patent Litig.*, — F. Supp. 2d —, 2013 WL 4048510, at *2 (J.P.M.L. Aug, 8, 2013) (denying centralization, observing that the differing procedural postures of the actions made it less likely that they would benefit from MDL treatment).

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407, for centralization of these three actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Marjorie O. Rendell           Charles R. Breyer
Sarah S. Vance                Ellen Segal Huvelle

**IN RE: LLOYDS BANK PLC INTERNATIONAL**
**MORTGAGE SERVICE LOAN LITIGATION**     MDL No. 2501

## SCHEDULE A

<u>Northern District of California</u>

John Dugan, et al. v. Lloyds TSB Bank, plc, C.A. No. 3:12-02549
David T. Osmena, et al. v. Lloyds TSB Bank, plc, et al., C.A. No. 3:12-02937

<u>District of Hawaii</u>

Bradley Willcox v. Lloyds TSB Bank, plc, et al., C.A. No. 1:13-00508