IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DUGAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>LLOYDS TSB BANK, PLC,<br><br>    Defendant.<br>_____/<br>DAVID OSMENA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>LLOYDS TSB BANK, PLC,<br><br>    Defendant.<br>_____/ | No. C 12-02549 WHA<br>     C 12-02537 WHA<br><br><br>**ORDER RE ATTORNEY'S FEES AND EXPENSES** |

## INTRODUCTION

In this class action involving international loans, class counsel promised to seek no more than 35% of the class recovery as a fee award but now seek far more than that amount. For the reasons stated herein, fees are granted, but reduced.

## STATEMENT

Prior orders recount the procedural history (Dkt. Nos. 203, 405). In brief, an April 2013 order certified two discrete classes — a 120%-clause class under Hong Kong law and an injunction/restitution class under California law. This was a significant trim-down from various classes plaintiffs' counsel sought to certify, including the cost-of-funds classes which were not certified. In support of their Rule 23 motion, plaintiffs' counsel filed their engagement letters (Dkt. No. 189). In the agreement, class counsel promised not to seek more than 35% of the class monetary recovery as a fee for their class work. The April 2013 order appointed "Attorneys

William Swank, Larry Janssen, Stephen Fennell, Libretta Stennes, and Lawrence Riff of the Steptoe firm" as class counsel.

In November 2013, the parties reached a proposed class settlement. After two hearings, preliminary approval was granted. Final approval of the class settlement was granted in April 2014.

In the class settlement, Lloyds TSB Bank, PLC agreed to pay $1.6 million — up to $50,000 for the actual costs of settlement administration and no less than $1.55 million for class recovery. As the parties framed the settlement, no class counsel fees and expenses come from the class settlement and instead come as a separate payment from Lloyds. The agreement stated that the "[p]arties and their counsel have not discussed any payment to Class Counsel for any of their attorneys' fees or costs" and instead allows the Court to set the award.

## ANALYSIS

Our court of appeals has called for scrutinizing the reasonableness of class fee awards even if the fees are independent of the relief provided to the class. *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003).

Class counsel seek a whopping $1.75 million in attorney's fees and $257,283 in expenses. They seek fees for 3,533 hours multiplied by each counsel's hourly rate. (No additional multiplier is sought.) Recall that the class members will receive only $1.55 million in the class settlement, assuming $50,000 are used for costs of administration (with no injunctive relief). *Class counsel, therefore, seek 113% of the value of the class recovery.*

Before this action began, class counsel — Steptoe & Johnson LLP — entered into a retainer with John and Aurora Dugan, the class representatives. Class counsel accepted representation in this matter on a "wholly contingent basis." Section 3.1 of the retainer stated (Dkt. No. 189) (emphasis added):

> (A) If the Litigation results in the creation or preservation of a common monetary fund for the benefit of the Class, then Steptoe shall be entitled to petition the court for an award of attorneys' fees in the form of a percentage of the fund, *in an amount not to exceed thirty-five percent (35%) of the gross amount of the monetary fund*, as well as the reimbursement of all court-approved costs and expenses incurred by Steptoe in connection with the Litigation;

2

> (B) If the Litigation results in benefits being made available to the Class by means other than a common monetary fund or relief being conferred upon the Class which is in the form other than money damages . . . then Steptoe shall be entitled to petition the court for an award of attorney's fees to be calculated based upon the total number of hours spent on the Litigation at the hourly rates charged by Steptoe . . . as well as reimbursement of all court-approved costs and expenses incurred by Steptoe in connection with the Litigation . . . .
>
> (C) If the legal basis for the monetary recovery or other relief obtained as a result of the Litigation is such that Defendants may be required by law to pay all or some portion of the attorneys' fees, costs and expenses incurred in connection with the Litigation, then Steptoe shall be entitled to file a motion with the court seeking to impose upon Defendants the payment of such attorneys' fees, costs and expenses.

Class counsel failed to even mention their written promise in their opening motion for fees and expenses. The sole reference to it appeared in paragraph 24 of counsel's declaration and even then neglected to mention the 35% limit: "Upon information and belief, Steptoe executed retention agreements to represent the putative class members, and any certified class, on full contingency basis" (Stennes Decl. ¶ 24). The promise to cap fees at 35% of a common monetary fund was tossed aside.

Then, in its opposition, Lloyds reminded everyone of the promise to cap fees and argued that the pending fee request was excessive and disproportionate to the 35% cap in the retainer agreement. Lloyds argued that Section 3.1(A) applies, as opposed to Sections 3.1(B) or (C) (Opp. 2–3, 14–15).

On reply, class counsel did not contest this. Instead, class counsel devoted only seven sentences (and a footnote) to the matter. Class counsel argued that Lloyds should not get the "benefit" of the fee agreement between class counsel and their clients, and "Steptoe is not seeking any compensation from the award to the class. Thus, the retention agreement terms are not implicated here." In a footnote, class counsel argued that the "existence of the retention agreements is a peripheral point . . . . On the particular date of finalizing the fee petition declaration, the undersigned counsel did not personally review retention letters for each Plaintiff" (Reply 11). In other words, class counsel's view is that because no portion of the class settlement money will be allocated for their fees, they can disregard their promise to the class.

3

Put bluntly, because the settlement segregates the class fund from the fees-and-expenses petition, class counsel believe they can evade their promise and seek more than the 35% specified in their retainer. No doubt, class counsel were disappointed when they failed to obtain certification of broader classes. Nonetheless, that was a foreseeable risk at the time the promise was made to the class. Reasonable expectations were then set in reliance on that promise.

That Lloyds was not a party to the retainer misses the point. The real beneficiaries of the promise by class counsel were and remain the class. Consider this: the total payout proposed by class counsel would be $3.61 million; of this, class counsel seek $1.75 million in fees. Under the retainer agreement, however, after expenses are taken off the top, no more than 35% of the remainder may be kept by counsel as fees. The difference represents money that ordinarily would have gone to the class rather than counsel.

This order will hold class counsel to their promise. When an attorney makes a promise like this one to cap fees, it is meant for the benefit of the class and is a factor in why the class representatives have chosen that particular counsel. Part of the fiduciary responsibility of the class representative is to select counsel and one factor, among others, that the representative may consider is the extent to which counsel will cap their fee request so that more of the overall recovery will be available for the class. In turn, judges may approve the selection based in part on such a fee cap. When attorneys promise to restrict the fees to be sought in a fee petition, that *ex ante* promise should be honored, absent special circumstances not present here.

Accordingly, the ratio of 35 to 65 boils down to 0.5385. The fee award will be $1.55 million multiplied by 0.5385 or **$834,615**. Even class counsel made this point in the alternative during oral argument. Expenses will be paid by Lloyds over and above this amount.

\*              \*              \*

This order now turns to whether it would be unjust to hold counsel to their promise. Most fee awards range from three percent to forty percent of a common monetary fund. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050, n.4 (9th Cir. 2002). The typical benchmark is 25% of the fund, unless special circumstances justify a departure. *In re Bluetooth Headset*

4

1  *Products Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).  At oral argument, class counsel cited
2  *Knight v. Red Door Salons, Inc.*, No. 3:08-cv-01520-SC, 2009 WL 248367, at *7 (N.D. Cal.
3  Feb. 2, 2009) (Judge Samuel Conti) (using 30%).  Here, class counsel promised not to seek more
4  than 35%, a figure that exceeds the 25% benchmark.  Nevertheless, honoring the 35%
5  commitment is reasonable in our case, even considering the degree of success achieved.
6      "[A]lthough class counsel's hard work on an action is presumably a necessary condition
7  to obtaining attorney's fees, it is never a sufficient condition" because it is possible to toil away
8  and obtain nothing for a class.  *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1182
9  (9th Cir. 2013).
10     Our court of appeals has stated:

> [W]here the plaintiff has achieved "only limited success," counting all hours expended on the litigation — even those reasonably spent — may produce an "excessive amount," and the Supreme Court has instructed district courts to instead "award only that amount of fees that is reasonable in relation to the results obtained."

*In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d at 942 (quoting *Hensley v. Eckerhart*,
461 U.S. 424, 436 (1983)).  Foremost in considering a fee petition is the "benefit obtained for the
class."  Plaintiffs' counsel should be recognized for achieving a class settlement that is 64% of
their trial-ready damages calculation.

But there were disappointments along the way.  A September 2012 order granted a
motion to dismiss plaintiffs' fraud claims (one, two, five, and seven in the complaint)
(Dkt. No. 45).  Plaintiffs' counsel admit that at least $5,800 of the fees sought "involved research
and drafting to respond on fraud" claims related to the motion to dismiss (Reply 7).  All fees
attributable to the fraud claims dismissed more than eighteen months ago are not recoverable.

A January 2013 order denied leave to add claims under the laws of Washington,
Connecticut, and Florida (Dkt. No. 92).  Fees for this effort are not collectable.

Even in the April 2013 class certification order, the Court took on the heavy-lifting for
crafting the classes because counsel's motion overreached considerably (Dkt. No. 203):

> [P]laintiffs are seeking certification of all the classes they could imagine, evidently hoping that the Court will filter the confusion into something coherent.

5

> A prior order warned plaintiffs that "[c]ounsel should be careful not to overreach lest their Rule 23 motions eventually collapse of their own weight" (Dkt. No. 92 at 6). This warning was not heeded.
>
> \*             \*             \*
>
> Plaintiffs' overreaching notwithstanding, the motion can be pared down to two certification-worthy classes.

The class ended up with less than 20% of the 888 loans they had sought to sweep into their putative classes. These failed overreaching efforts should not be compensated.

The extent of counsel's disappointment was apparent in their appeal of the refusal to certify their proposed overbroad classes. In their petition for interlocutory appeal, class counsel stated that the process pursuant to the certification orders "would threaten the ability of the Plaintiffs to proceed even with the certified principal-cap class." "[D]enial of leave to appeal at this time will threaten the maintenance even of the certified principal-cap class claim, by requiring the parties to proceed with sequential litigation and trial of the two claims." A July 2013 order by our court of appeals denied the petition for permission to appeal the certification orders (Appeal No. 13-80123, Dkt. Nos. 1, 3).

In sum, the limited degree of success herein should inform our analysis of fees and expenses, especially given counsel's overreaching request for 113% of the settlement value.

\*             \*             \*

Finally, this order turns to a critique of the lodestar proposed by class counsel and concludes that the lodestar sought is excessive. "In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (citing *Hensley*, 461 U.S. at 434). Here are some of the ways it is excessive:

*First*, even though class counsel represent that they have endeavored to eliminate fees attributable to individual claims, Lloyds points to $92,800 pertaining to the cost-of-funds discovery and $47,000 for adding intervenors, even though only two of the proposed class representatives were eventually appointed (Sullivan Decl. Exh. 7). Indeed, class counsel stated

6

to our court of appeals that "the cost-of-funds class includes virtually the entire principal-cap class" and would include "overlapping, duplicative evidence and witnesses." The submission should have been trimmed down to the certified claim.

*Second*, 392 hours for drafting complaints and motions to dismiss; 327 hours for negotiating the settlement; 1,556 hours for fact discovery; and 974 hours for class certification work — these figures are excessive. These hours must be reduced to address the excessive conferencing, inefficiencies, duplication, block-billing, and waste laden in the spreadsheets. Class counsel cannot disguise their work in line items such as "reviewing" documents, dreaming up "strategies," and holding four-hour intra-office "conferences," which are so vague as to defy analysis. Here is one example of the duplication apparent in the petition:

> Attorney Fennell, 0.70 hours, $825 per hour,
> "Review and analysis of court's 4/19/13 order on motion for class certification" (April 19, 2013)
>
> Attorney Stennes, 1.10 hours, $625 per hour,
> "Review and analyze class certification opinion" (April 19, 2013)
>
> Attorney Hector, 1.80 hours, $425 per hour,
> "Review order granting in part and denying in part motion for class certification" (April 19, 2013)
>
> Attorney Swank, 1.00 hour, $825 per hour,
> "Review court ruling" (April 19, 2013)
>
> Attorney Swank, 3.00 hours, $825 per hour,
> "Emails and calls to clients" (April 19, 2013)
>
> Attorney Twining, 1.00 hour, $335 per hour,
> "Review order on class certification; confer re: next steps re: same" (April 19, 2013)
>
> Attorney Stennes, 1.50 hours, $625 per hour,
> "Analyze class certification opinion" (April 21, 2013)

(Dkt. No. 415-2 at 46–47). In other words, class counsel seek $6,600 for reading the thirteen-page April 2013 certification order. This is an exorbitant sum that must be reduced.

Class counsel try to justify their overreaching lodestar by pointing to the large resources both sides have expended on discovery review, production, and motion practice. Class counsel compare the $710,294 they seek to the $175,000 defendants spent on "outside legal fees in connection with the creation of the Supplemental [Privilege] Log" and the "more than

$5 million" Lloyds "spent on document discovery" (Dkt. No. 420). This is apples to oranges. It is not reasonable to compare the discovery costs for class members with the discovery costs for defendant Lloyds TSB Bank, PLC when key to this class action were Lloyds' loan products, banking programs, and loan agreements. The volume of Lloyds' documents dwarf that of the loan borrower class members.

Lloyds also criticizes the petition for seeking fees from thirteen timekeepers. More than 50% of the fees sought are for partners with $825 or $625 hourly rates. On this particular point, this order does not fault class counsel because the April 2013 order appointed Attorneys Swank, Janssen, Fennell, and Stennes as class counsel (no fees are sought for Attorney Riff). The complex banking and foreign law issues in this action call for competent and experienced counsel in the field. It nonetheless is unreasonable to seek duplicative and excessive amounts. Also, fees for the seven non-partner attorneys must be reduced to account for getting up to speed, duplication, and inefficiencies.

\*           \*           \*

At oral argument, the parties agreed to reasonable expenses of **$202,641.50**. The Court thanks counsel for their cooperation.

**CONCLUSION**

For the reasons stated herein, class counsel are awarded **$834,615** in attorney's fees and **$202,641.50** in expenses. Lloyds shall pay half of this award now and the other half upon completion of the distribution of the $1.6 million class settlement.

**IT IS SO ORDERED.**

Dated: April 24, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8